**Judith HAYNES, Appellant,**

v.

**George HAYNES, Respondent.**

**No. 44440.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 15, 1983.

Daniel B. Chartrand, Clayton, for appellant.

George A. Dorsey, Clayton, for respondent.

CRIST, Judge.

Garnishment.

Appellant-mother garnished respondent-father's wages to collect an amount alleged to be past due child support and maintenance. Father filed a Motion to Quash alleging mother agreed to accept reduced support payments and acquiesced in such reduced payments. The trial court sustained father's Motion to Quash.

Mother and father were divorced on August 23, 1971. The default judgment awarded mother $50.00 per week for each of two children and $10.00 per week alimony.

Mother informed father of the court's decree about one week after it was entered. Father objected to the amount of child support and told mother "I won't be able to work." According to father, he offered to pay $250.00 per month and finally made an

agreement with mother to pay $260.00 per month.

Mother accepted the sum of $260.00 per month for six years without demanding more and without pursuing her legal remedies. Mother spoke to father in 1977 asking him if he could pay more, but he said he couldn't afford it.

In 1969, father and mother borrowed $11,500.00 from mother's father, and used this money to purchase a house. Father paid $40.00 per month to mother's father on this obligation from that time until the divorce two years later. Father made extensive repairs to the house. In 1978, father signed the house over to mother and her father without consideration. The house was later sold for $23,000.00. Of this amount, mother received $16,000.00.

The trial court found there was an agreement for payment of the lesser amount and mother acquiesced in the acceptance of the lesser amount.

Mother and father were not authorized to compromise future child support payments. *Rodgers v. Rodgers,* 505 S.W.2d 138, 144 (Mo.App.1974); *Hart v. Hart,* 539 S.W.2d 679, 682 (Mo.App.1976); and *Kennedy v. Kennedy,* 575 S.W.2d 833, 835 (Mo.App. 1978). Mother did not file a garnishment until one child was 21 and the other child was 20 years of age.

The seminal issue is whether or not wife acquiesced in the lesser payments. *Rodgers v. Rodgers,* 505 S.W.2d 138, 145 (Mo.App. 1974) and *Vincent v. Vincent,* 584 S.W.2d 152, 153 (Mo.App.1979). What was the evidence of acquiescence? Husband relinquished his one-half interest in the house at a time when husband was supposed to be behind in his child support payments. Husband had made extensive repairs to the house. Wife called father and asked him if he wanted some of the money received on the house, for the reason he had made extensive repairs to the house. If wife had not acquiesced in the reduced payments, why would she be offering him money?

About three years before the hearing, wife went to husband and asked him if he would increase his payments. Father said he could not. Father was not asked to pay back payments. When mother filed her garnishment proceeding, she only asked for payments from the time she had gone to husband to ask him to pay more, indicating again that she had relinquished any right at least from the time prior to this three years. While the ill-conceived and unenforceable agreement was of little consequence, evidence of its making is some evidence of an acquiescence by wife of the lesser amount.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.