**Sarah (McMinn) DABLEMONT, Plaintiff-Appellant,**

v.

**Robert McMINN, Defendant-Respondent.**

No. 13855.

Missouri Court of Appeals, Southern District, Division One.

May 21, 1985.

Ralph J. Haslag, Thomas, Birdsong, Clayton & Haslag, P.C., Rolla, for plaintiff-appellant.

John D. Beger, Price & Beger, Salem, Ronald D. White, Rolla, Joseph W. Rigler, Vienna, for defendant-respondent.

GREENE, Judge.

Plaintiff, Sarah (McMinn) Dablemont, appeals from a trial court order sustaining in part a motion to quash garnishment filed by her former husband, Robert McMinn. The garnishment was issued in an attempt to collect back child support awarded to Sarah when she was granted a divorce from Robert.

In her sole point relied on, Sarah contends the questioned portion of the order is not supported by sufficient evidence. Viewed in the light most favorable to uphold the order, the evidence before the trial court was as follows. Sarah and Robert were divorced on November 4, 1970, at which time Sarah was given custody of the two minor children born of the marriage and $55 per week as child support. Robert was granted reasonable visitation rights.

On August 17, 1972, Sarah and Robert entered into a voluntary written agreement wherein they agreed that in exchange for Robert relinquishing all of his visitation rights, except for one Sunday each month, the amount of child support would be reduced from $55 a week to $160 a month. The agreement was executed in the presence of counsel for both parties, but was

never submitted to the trial court for approval or modification of the existing decree.

Robert gave up his decreed visitation rights and Sarah accepted the $160 a month as child support until September 11, 1981, when she filed a request for execution, alleging certain sums were owed to her by Robert because he had not paid her the $55 a week specified in the decree.

After various and sundry legal maneuvers by both parties, not important here, the matter rocked along until October of 1983, when Sarah requested garnishment to recover the child support amounts earlier mentioned. Robert then filed a motion to quash the garnishment on the grounds of waiver by acquiescence.

The trial court, after hearing evidence, entered an order which, among other things, limited Sarah's right of recovery of child support to $160 a month, rather than $55 per week, during an eight-year, three-month period during which Sarah accepted the lesser amount without protest.

Sarah claims this evidence does not support the trial court's finding of waiver by acquiescence. We disagree. The evidence here shows waiver of the greater sum by written agreement, coupled with a period of years of acceptance by Sarah, without protest, of the lesser amount, plus forbearance of the decreed right of Robert to visit his children. These facts place this case squarely within the dictates of *Rodgers v. Rodgers*, 505 S.W.2d 138 (Mo.App.1974), and *Haynes v. Haynes*, 648 S.W.2d 895 (Mo.App.1983). These cases hold that while a mother and father cannot compromise future child support payments, a custodial parent may, and does, under facts such as we have here, by acceptance of less than the court ordered sum, waive the right to the greater amount during that period when the lesser sum has been accepted.

The questioned portion of the order is supported by substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law.

The trial court's order is affirmed.

Robert's motion for damages due to Sarah's alleged frivolous appeal, taken with the case, is denied.

TITUS, P.J., and FLANIGAN, J., concur.