**Judith Mae CAVINS, Petitioner–Respondent,**

v.

**Ronald Terry CAVINS, Respondent–Appellant.**

**No. 15354.**

Missouri Court of Appeals, Southern District, Division Two.

May 27, 1988.

Christopher J. Stark, Springfield, for respondent-appellant.

J.R. Victor, Springfield, for petitioner-respondent.

MAUS, Judge.

This proceeding was precipitated by a garnishment for 51 months delinquent child support. The garnishment was issued at the request of the wife. The husband filed a motion to quash the garnishment alleging that the wife had by acquiescence waived her right to delinquent child support. The trial court denied the motion.

The husband contends he should have prevailed because of the following facts. The delinquency commenced when the wife violated the existing decree by removing the children from the state without leaving a current address. This resulted in denial of visitation accorded to him by that decree. During the 51–month period of delinquency the wife did not request or demand payment of the child support. An employee in the office of the circuit clerk suggested that he should not make payments to that office because they had no current address for the wife.

The husband relies on *Rodgers v. Rodgers*, 505 S.W.2d 138 (Mo.App.1974) and *Karleskint v. Karleskint*, 575 S.W.2d 845 (Mo.App.1978). The "concept called waiver by acquiescence" is well and thoroughly analyzed in the cases discussed in *Grommet v. Grommet*, 714 S.W.2d 747 (Mo.App. 1986). That case demonstrates that *Rodgers* and *Karleskint* do not aid the husband. A further review of the cases and limited application of that concept is not necessary. The term "waiver by acquiescence" is totally misleading concerning the limited circumstances that are held to bar a parent from collecting delinquent child support. *Meyers v. Swain*, 748 S.W.2d 418 (1988).

The wife's failure to comply with the decree does not suspend the obligation of the husband to make payments for child support. § 452.365. The husband neither alleged nor proved the wife expressly or impliedly agreed to forego child support. Nor did he allege or prove "a change in [his] position induced by a misconception of the [wife's] intent or the status of his court decreed obligation." *Grommet*, at 751. Delay in enforcement alone does not preclude a demand for payment of delinquent support. *Vincent v. Vincent*, 584 S.W.2d 152 (Mo.App.1979). The trial court properly denied the husband's motion to quash. *Sagos v. Sagos*, 729 S.W.2d 76 (Mo.App. 1987). Also see *DeMoranville v. Tetreault*, 654 S.W.2d 71 (Mo. banc 1983); State ex rel. *Williams v. Williams*, 647 S.W.2d 590 (Mo.App.1983); *Hart v. Hart*, 539 S.W.2d 679 (Mo.App.1976). The judgment of the trial court is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.