**STATE of Missouri, assignee of Carol A. Ecker, Petitioner–Appellant,**

**v.**

**James A. THURWALKER, Respondent–Respondent.**

No. 54661.

Missouri Court of Appeals, Eastern District, Division One.

March 14, 1989.

Robert Spencer Moss, Government Counsel, St. Louis, for petitioner-appellant.

Greg Louis Roberts, Clayton, for respondent-respondent.

CRANDALL, Presiding Judge.

State of Missouri, Division of Family Services (DFS), assignee of the child support rights of Carol A. Ecker (mother), appeals from the order of the trial court on a motion to quash garnishment filed by James A. Thurwalker (father). We affirm.

The marriage of mother and father was dissolved in October 1974. One child, a daughter, was born of the marriage in June 1971. The decree of dissolution awarded primary custody of daughter to mother. Father was ordered to pay $15 per week child support.

Since 1975, mother has intermittently received public assistance in the form of benefits for the minor child. She assigned her support rights to the DFS. In August 1986, the clerk of the circuit court was appointed trustee for child support payments.

In September 1986, the court issued an execution and garnishment, seeking the principal sum of $9,165.00 in past due child support. Interest was "not included, but not waived." The proceeds of that garnishment, $2,668.58, were ordered paid out on February 18, 1987.

A second garnishment was issued on January 5, 1987. The garnishment was for the principal amount of $9,435.00 with statutory interest of $5,839.55 through October 1985.

On March 13, 1987, father filed a motion to quash. Father's employer-garnishee, Southwestern Bell Company, deposited $6,654.63 with the court for the garnishment. In addition, $2,305.30 was being held by the State under an intercept of father's tax return.

At trial, father testified that he had lived in Brownsville, Texas from January 1974 through April 1975. From April 1975 through July 1986, he had lived in Harlingen, Texas. He stated that, after the dissolution, he had mailed two payments of $60.00 each for child support in November and December 1974, but that the payments had been returned as undeliverable. In December 1974, mother had informed father that she did not want child support from him and did not want him to be involved in their daughter's life. The last time father had seen mother was in 1977. At that time, she said she was remarried and didn't need any help from him. At the time of the trial, father was earning approximately $50,000.00 per year.

Mother testified that she had moved five to seven times since the divorce. She denied telling father either that she did not want child support or that she did not want him to see their daughter.

After trial, the court adopted father's findings of fact, conclusions of law, and proposed order without alteration.[1] The court found that mother was not a credible witness. The order provided, in pertinent part, that the money on deposit from the second garnishment ($6,654.63) be applied against back child support in the amount of $5,769.42, with the difference of $885.21 being returned to father; that the federal income tax refund in the amount of $2,305.30 be given to father; and that, because mother had waived child support, principal and interest, owed from December 1974 through June 1986, "it would be manifestly unjust ... to require [father] to pay the entire principal balance and interest on said child support based on [mother's] waiver of same."

The standard of our review is guided by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Where there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983). The judgment is to be affirmed under any reasonable theory supported by the evidence. Further, the appellate court must accept as true the evidence and permissible inferences therefrom favorable to the prevailing party and disregard the contradictory evidence. *Id.* Deference is accorded the trial judge even if there is evidence which might support a different conclusion. *Id.*

State's point on appeal is that the trial court erred in finding that there was a waiver; and that, even if there was evidence of an agreement between the parties, it could not operate as a waiver of child support payments. State cites to § 454.465.2, RSMo (1986) to support its contention:

> court in drafting its decree. The final decree, however, is the court's decree not counsel's. Even the most conscientious advocate cannot reasonably be expected to prepare a document which would reflect precisely the trial court's view of the evidence. *Id.*

---

**1.** Acceptance, *in toto,* of an advocate's proposed findings of fact, conclusions of law and decree in a contested case, while not *per se* erroneous, is of doubtful utility. *Binkley v. Binkley,* 725 S.W.2d 910, 911 n. 2 (Mo.App.1987). Memorandum from counsel can be helpful to the trial

No agreement between any obligee and any obligor regarding any duty of support, or responsibility therefor, or purporting to settle past, present, or future support obligations either as settlement or prepayment shall act to reduce or terminate any rights of the division to recover from that obligor for public assistance provided.

■ In the present case, father's testimony was that, in 1974, mother told him that she would accept no child support as long as he did not exercise his visitation rights. Mother did not seek child support from father for approximately 12 years. These actions by mother, coupled with the forbearance of father's right to visit his daughter, are indicia of a waiver. *See Dablemont v. McMinn*, 691 S.W.2d 490, 491 (Mo.App.1985); *Haynes v. Haynes*, 648 S.W.2d 895, 896 (Mo.App.1983). Father's evidence, if believed by the trial court, constitutes a waiver.

■ Mother's ability to agree to relinquish her rights to court ordered child support, however, is not absolute. Her ability to contract away child support payments is subject to the provisions of § 454.465.2. Pursuant to that statute, mother is precluded from waiving child support payments because she is the recipient of public assistance.

The record indicates, however, that the agreement between mother and father arose in 1974. Section 454.465.2 became effective in 1982. State's position implies that the statute should be applied retrospectively to encompass child support payments prior to 1982. We disagree. Although the Missouri Constitution [2] generally prohibits retroactive application of enacted laws, there are two recognized exceptions to the rule that a statute shall not be applied retrospectively: (1) where the legislature manifests a clear intent that it do so; and (2) where the statute is procedural only and does not affect any substantive right of the parties. *State, ex rel., Lawyers Title Ins. Corp. v. Elrod*, 636 S.W.2d 396, 398 (Mo.App.1982). As to the first excep-

tion, § 454.465.2 does not mandate retrospective application. As to the second exception, to apply the statute retroactively, with the result that mother's waiver of child support before 1982 is barred, would affect the substantive rights of the parties by creating new obligations between them. *See Id.* Because the statute is prospective in application, mother's waiver was operative only before 1982 and did not operate to relinquish her right to child support after that year. Father was therefore not relieved of his support obligation from 1982 through June 1986. State's point on appeal is denied.

The record before us contains various numerical calculations of the amount of past due child support. On appeal both parties have supplied additional numbers which comport with their respective positions regarding the amount of child support father owes. In essence, State's position is that it is entitled to principal and interest for the past ten years, assuming that portions of the debt are barred by § 516.350, RSMo (1986). Father's position is that he is liable only for the principal amount of child support for the past ten years.

We have reviewed the record and conclude that the amount awarded by the trial court approximates the amount of principal and interest due from 1982, the year the waiver became ineffective, through June 1986. We note that father does not appeal the dollar amount awarded. In light of the ambiguity in the record before us regarding the precise amount of past child support owed by father, we decline to recalculate the amount due.

THE JUDGMENT IS AFFIRMED.

REINHARD and CRIST, JJ., concur.

2. Mo. Const. Art. I, § 13.