STATE ex rel., DIVISION OF FAMILY SERVICES, Appellant,

v.

**Jerry Lee SKINNER, Respondent.**

**No. WD 41974.**

Missouri Court of Appeals, Western District.

Jan. 16, 1990.

As Modified Feb. 27, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 1990.

Application to Transfer Denied April 17, 1990.

Jo–Ellen Horn, Independence, for appellant.

Kevin D. Meyers, Meise, Coen, Hutchison & Rumley, Kansas City, for respondent.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

TURNAGE, Judge.

Jerry Skinner appealed the decision of the Director of the Division of Family Services that he was in arrears $14,160 in child support payments to the circuit court. That court found the decision to be unsupported by substantial and competent evidence and reversed. The Director appeals contending that the order was properly supported. Reversed and remanded.

In February, 1978, Terry Skinner obtained a dissolution of her marriage to Jerry Skinner. She was awarded custody of the two minor children together with $20 per week per child in child support.

Terry had previously made an application for aid to families with dependent children and executed a written assignment of support rights to the Division of Family Services.

In March, 1988, Terry signed an arrearage affidavit stating that Jerry had paid none of the installments due in child support since the date of the dissolution decree. Thereafter, the Division entered an administrative order pursuant to § 454.476, RSMo 1986, in which it found that Jerry owed $20,994 in past due child support.

■ Jerry requested an administrative hearing under § 454.476.4. That hearing was held and findings of fact and conclusions of law were entered.[1] In the findings of fact the Director found that Terry's testimony that Jerry had paid no child support since the dissolution decree was not credible. The Director found that the testimony of Jerry and his witnesses that he had paid some child support was credible but because the testimony did not indicate the exact amount of such payments no finding as to the amount of payments could be made. The Director found from the evidence presented by Jerry that he had paid $7,000 which left him owing $14,160.

The court reversed the Director's decision on a finding that the Director had found that the testimony of Terry was not credible and therefore there was no substantial and competent evidence to support the Director's decision.

There is no doubt that the credibility of the witness was for the Director. In assessing credibility of a witness he was free to believe all, part or none of the witness's testimony. *Sheahan v. Sheahan,* 721 S.W.2d 81, 84[3] (Mo.App.1986).

■ The trial court found that the Director did not believe any of Terry's testimony. This court does not read the finding concerning the credibility of Terry to mean that the Director did not believe any of Terry's testimony. The Director found that Jerry was $14,160 behind which indicates that he believed Terry's testimony that Jerry was behind, but he did not find the full amount to which Terry testified. The Director was free to believe all or part of Terry's testimony, so the fact that he did not believe the full extent of the arrearage that Terry stated does not mean that he did not believe any of her testimony. The court was in error in holding that the Director did not find any of Terry's testimony to be credible. The $14,160 which the Director found to be due is supported by Terry's testimony and therefore the finding is supported by competent and substantial evidence. Further, there is no evidence that Jerry paid any more than the $7,000 which the Director credited to him.

The judgment is reversed and this cause is remanded with directions to enter judgment affirming the decision of the Director finding that Jerry owes $14,160 in unpaid child support.

All concur.

---

1. The hearing was held before a hearing officer. A copy of the dissolution decree ordering Jerry to pay support was introduced. The copy was not certified as required by § 454.476.1(1), but the hearing officer inquired if Jerry's counsel had any objection to the introduction of the decree in evidence. Counsel stated he had no objection. Under those circumstances Jerry may not raise any question on this appeal about the lack of certification. *Drining v. Missouri Bone & Joint Clinic,* 730 S.W.2d 293, 294[1] (Mo.App.1987).