Gary E. DYE, Respondent,

v.

DIVISION OF CHILD SUPPORT ENFORCEMENT, DEPARTMENT OF SOCIAL SERVICES, STATE OF MISSOURI, and Sharon K. Dye, Appellants.

No. 73010.

Supreme Court of Missouri, En Banc.

June 11, 1991.

---

Daniel J. Pingelton, Columbia, for appellants.

Harry J. Mitchell, Palmyra, for respondent.

William L. Webster, Atty. Gen., Carole Lewis Iles, Asst. Atty. Gen., Jefferson City, for amicus curiae.

BLACKMAR, Chief Justice.

The marriage of Gary and Sharon Dye was dissolved by decree of the Circuit Court of Ralls County on December 8, 1980. The decree awarded custody of Dawn, born September 5, 1971, to Sharon and ordered Gary to pay $174 per month for Dawn's support. Custody of the son, Guy, was awarded to Gary. The decree was modified on June 4, 1985, placing custody of Dawn with Gary and of Guy with Sharon. Gary was ordered to pay $200 per month to Sharon for the support of Guy, born February 18, 1969. The modified decree was silent as to child support for Dawn.

Some time thereafter Dawn ceased to reside with Gary and took up residence with Sharon. There was no modification of the court order. Between April 25, 1988, and April 3, 1989, the state of Missouri paid $2,557.00 in Aid to Families with Dependent Children (AFDC) to Sharon for the support of Dawn. On March 7, 1989, the Division of Child Support Enforcement advised Gary that it was conducting an investiga-

tion for the purpose of evaluating his ability to pay child support. On March 20, 1989, the Division issued a "Notice and Finding of Financial Responsibility" directed to Gary. § 454.470, RSMo 1986. On April 4, 1989, Gary through his counsel requested an administrative hearing regarding his alleged duty to pay child support and to repay the state of Missouri for the public assistance provided for Dawn.

The June 6, 1989, hearing proceeded by telephone before a hearing officer who was a member of the bar. Gary was represented by counsel, and apparently no point was raised about the format of the hearing. The hearing officer found that Gary owed a "state debt" of $2,157.00 on account of payments made by AFDC to Sharon Dye for support of Dawn, giving him credit for $400 sequestered from his tax refund. Gary filed a petition for review with the circuit court pursuant to §§ 454.475.5 and 536.100, RSMo 1986. *See also Mo. Const.* art. V, § 18 (1945). The circuit court found that there was no outstanding child support order and that the division had the authority to institute collection proceedings, but found that § 454.400, et seq., unconstitutional, as follows:

> This Court believes there are serious constitutional issues here and believes, or certainly hopes an Appellate Court will address them ... The Court sustains Plaintiff's position on all constitutional issues....

Consequently, the court held that Gary was not obliged to repay the state. The state appealed to this Court, invoking our jurisdiction on the basis of the trial court's finding that the governing statutes were unconstitutional. Gary filed a cross appeal challenging the finding that there was no outstanding court order for child support. We dismiss the cross appeal and reverse and remand the judgment on the principal appeal.

### 1. *Appellate Jurisdiction*

Although the division filed notice of appeal to this Court it now questions our

jurisdiction under the holding in *Callier v. Director of Revenue,* 780 S.W.2d 639 (Mo. banc 1989), asserting that the constitutional points Gary relies on were not raised in a timely or sufficient manner in the proceedings below. We believe that it will be helpful to clarify some of the confusion attendant upon the *Callier* decision. Appellate jurisdiction is necessarily in this Court because the trial court upheld the constitutional challenges to the governing statutes. *See Mo. Const.* art. V, § 3 (1945). It might be possible for us to hear an appeal, determine by opinion that the constitutional questions were not sufficiently presented, and then transfer the case to the court of appeals for the resolution of the remaining issues, but the appeal must necessarily come to us first. Here we rule the constitutional issues.

Much ink has been spilled about the precise manner in which constitutional challenges must be presented. *See Callier, supra,* at 641, 642. In most of the cases an appellant has sought to expand the scope of a case on appeal and we have invoked the familiar rule that the appellant has the burden of showing that the trial court erred in deciding matters expressly presented to it.[1] The requirement for specificity in the raising of constitutional points is not designed as an obstacle course for litigants. It rather exists to further orderly procedure. The important inquiry is as to whether the points are presented in such a way that the first court which is required to decide them is able to understand and act on the issues presented.

Neither the hearing officer nor the division has the authority to resolve the constitutional points, and so presentation of those points before the hearing officer would be a meaningless ritual. The statute does not require it as a condition of being heard in circuit court on the constitutional points. Section 454.475.1 specifically states that the only cognizable issues in the administrative hearing are

---

1. *Section* 512.160.1, RSMo 1986. *Delaney v. Gibson,* 639 S.W.2d 601, 604 (Mo. banc 1982); *Mayor v. Mayor,* 349 S.W.2d 60, 62–63 (Mo. 1961); *James v. James,* 248 S.W.2d 623, 627 (Mo.1952).

issue(s) of fact contained in the notice and finding of financial responsibility....

Furthermore subsection 2 provides that

(i)f no factual issue has been raised ... the director may enter his order without an evidentiary hearing, which order shall be a final decision entitled to judicial review as provided in sections 536.100 to 536.140, RSMo.

Consequently, it is entirely likely that a parent would present nothing to the administrative officer, electing instead to proceed directly to the circuit court.

■ The division suggests that there are procedural flaws because the Attorney General was not notified of the constitutional challenges. Such notice is a specific requirement only in the declaratory judgment statutes, § 527.110, RSMo 1986 and *Missouri Rule of Civil Procedure* 87.04. The purpose of the requirement is to permit the state's chief legal officer to be heard in support of the challenged statutes. The record before us shows that the Attorney General participated in these proceedings by filing a brief in this Court, and so we are officially informed of the state's position. There is no jurisdictional problem in the failure to formalize the Attorney General's status. Although no statute or rule requires as much, hereafter an aggrieved parent should notify the Attorney General when challenging the constitutionality of the statute so that he may seek leave to intervene under *Rule* 52.12(b)(3).

■ The division argues that the constitutional points were defectively presented because they were not raised in the original petition for review, but rather were added by amendment after the evidence was closed. We reject the suggestion that a constitutional point not set out in an initial pleading cannot be added by amendment. It is the sense of our rules that amendments be liberally allowed and that the principle of relation back be freely applied. *Wells v. Stinson, Mag & Fizzell,* 739 S.W.2d 706 (Mo. banc 1987); *Grand-*

*view Bank & Trust Co. v. Stinson, Mag & Fizzell,* 739 S.W.2d 707 (Mo. banc 1987); *Geringer v. Union Elec. Co.,* 731 S.W.2d 859, 864 (Mo.App.1987). Whether to allow an amendment even after hearing, but before judgment, is a matter for the discretion of the trial court, with which we are not disposed to interfere. *See Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App.1984) (leave to amend petition is within sound discretion of trial court and will not be disturbed unless court palpably and obviously abused its discretion) *and compare George v. Lemay Bank & Trust Co.,* 618 S.W.2d 671, 675 (Mo.App.1980) (*Rule* 55.33(b) would not permit amendment following judgment).[2]

■ Nor are we disposed toward summary reversal on the constitutional issues because of the manner in which they are presented. Gary challenges the entire scheme of administrative adjudication as contrary to the principles of due process of law, suggesting that the hearing officer is a subordinate of the executive authority and therefore is incapable of acting impartially. This claim is fortified by reference to art. II, § 1 and art. V, § 1, of the Missouri Constitution, the first prescribing separation of powers and the second defining the scope of the judicial power. The trial court apparently felt that these claims were sufficient to apprise him of the points he was asked to decide, and we also believe that we understand the essence of the argument.

Inasmuch as the trial court's decision was completely favorable to Gary, his cross appeal is out of order. § 512.020, RSMo 1986. He has had the opportunity to present to this Court any argument he chooses in support of the favorable judgment.

### 3. *The Constitutional Issues*

■ The state relies on § 454.465, RSMo 1986, in its attempt to collect from Gary the monies that it paid to Sharon for

---

**2.** The Legal File shows that the case was well within the trial court's jurisdiction when Gary filed his First Amended Petition on March 15, 1990. The trial court did not enter judgment until June 6, 1990, and entered an amended judgment August 9, 1990.

Dawn's support. The governing statutes were adopted at the urging of the federal government, which provides the lion's share of the payments to parents of dependent children who qualify for these payments. By means of the procedures of Chapter 454, the division is entitled to proceed against noncustodial parents who have the primary duty of supporting their children.

The initial determination that reimbursement is due is made administratively, in the form of a "notice and finding of financial responsibility." § 454.470.1, RSMo 1986. This order, however, was not self executing. The parent is entitled to a hearing before a hearing officer who is a member of the Missouri Bar, and Gary availed himself of this procedure. *See* § 454.470.1(8) and § 454.475.1 and .2, RSMo 1986. When the hearing officer issued findings of fact and conclusions of law unfavorable to him he had, and exercised, his statutory right to judicial review.

The statute also provides for a determination of the amount of child support in a court of competent jurisdiction, with the court's decision superseding any decision of the administrative authorities. We do not probe the right to a judicial hearing superseding the administrative hearing, because Gary did not pursue this remedy. *See* § 454.500.4, RSMo Supp.1990, and § 454.501, RSMo 1986.[3]

Gary challenges the administrative hearing on due process grounds. The statutory procedure, according to its explicit terms, is required to be consistent with the Administrative Procedure Act, 5 U.S.C. § 551, et seq., § 701, et seq. (1982), which provides for an impartial hearing before a legally trained hearing officer whose decision is not subject to modification or review by an administrative agency or board. The administrative "approval" did not connote a right of revision of the hearing officer's findings and conclusions. There is, furthermore, a right of judicial review in circuit court either in Cole County or in the county in which the parent resides. § 536.-110, RSMo 1986. All legal issues may be determined on judicial review. Deference is due only to the hearing officer's credibility findings. *Ross v. Robb,* 662 S.W.2d 257, 260 (Mo. banc 1983). In making use of the statutory procedure the legislature has adopted a familiar procedure, frequently approved. The basic procedure has been sustained in many cases.[4]

What is said about the basic procedure is applicable also to the details. Gary suggests that the hearing officer is not impartial because she was appointed by the administrative agency and is subject to discharge by the agency. We are not willing to say that she cannot perform her duties as an impartial adjudicative official, especially when the right of review exists to correct errors. Gary does not have any standing to challenge the telephone hearing which was held, because he and his counsel participated in this hearing without objection. The claim of prejudice is not supported by the record.

The addition of a claim of violation of art. II, § 1, of the Missouri Constitution does not help Gary. As previous citations show, our courts have recognized administrative adjudication in many cases. The limitation of the authority of the administrative agency, together with the right of judicial review, saves the statute from the separation of powers argument. The "equal protection" challenge, furthermore, is not appropriate. Gary, in not briefing the point, failed to demonstrate how Chapter 454 creates an unlawful classification in violation of art. I, § 2.

We conclude, therefore, that the governing statutes are not unconstitutional for any of the reasons adduced by Gary.

---

3. The proceedings before the hearing officer took place on June 6, 1989.

4. *Ross v. Robb,* 662 S.W.2d 257, 260 (Mo. banc 1983); *Percy Kent Bag Co. v. Missouri Comm'n on Human Rights,* 632 S.W.2d 480, 485–86 (Mo. banc 1982). *See also B & D Inv. Co., Inc. v. Schneider,* 646 S.W.2d 759 (Mo. banc 1983); ·*C &*

*D Inv. Co. v. Bestor,* 624 S.W.2d 835 (Mo. banc 1981); *APC, Inc. v. Director of Revenue,* 770 S.W.2d 481 (Mo.App.1989); *State ex rel. Missouri State Bd. of Registration for the Healing Arts v. Hartenbach,* 768 S.W.2d 657 (Mo.App. 1989).

#### 4. *The Presence of a Support Order*

The trial court did not reach the merits of Gary's petition for review because it found constitutional infirmity in the statutory procedure. It is now appropriate for us to remand the case for further proceedings not inconsistent with this opinion.

The trial court decided that no court order, as that term is defined by § 454.460(2), RSMo 1986, for the payment of a set or determinable amount of support money for Dawn was in effect. Therefore, the trial court concluded, the division was authorized to recover support money paid for Dawn pursuant to the administrative procedures set forth in § 454.470, RSMo 1986. We agree with this conclusion. Because the court did not undertake to act upon the issue of support money for Dawn in the modified dissolution decree, that issue remained open to administrative action. In the absence of any court order fixing an amount of money for Dawn's support, the procedure set forth in § 454.476, RSMo 1986 was not available to the division. The failure of the parents to seek a modification of the dissolution decree so as to provide for the actual custody situation should not preclude the division from enforcing its right of recovery of sums paid for Dawn's support. In saying this, we express no opinion as to whether the claim is meritorious, or whether Gary has a sound defense to the claims. Those are questions which have not been determined by the trial court, and should be.[5]

The trial court on remand may exercise its full measure of discretion under § 536.140, RSMo 1986, including the allowance of amended pleadings and remand to the agency for further fact findings, if it deems either or both of these procedures wise.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion. The cross-appeal is dismissed for want of jurisdiction.

ROBERTSON, RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., and CARL R. GAERTNER, Special Judge, concur.

---

**5.** Issues touching repayment orders were considered in *Jackson v. Rapps,* 746 F.Supp. 934 (W.D.Mo.1990); *State ex rel. Div. of Fam. Services v. Standridge,* 676 S.W.2d 513 (Mo. banc 1984). We do not intimate that those cases are applicable here. *See also* § 454.500.4, RSMo Supp.1990, formerly § 454.501, RSMo 1986.