**STATE of Missouri, ex rel. Kathryn (Owsley) BRAMLET, Appellant,**

v.

**Michael OWSLEY, Respondent.**

No. 61084.

Missouri Court of Appeals, Eastern District, Division One.

July 28, 1992.

Elizabeth Harris Christmas, St. Louis, for appellant.

No brief submitted for respondent.

AHRENS, Judge.

The Director of the Division of Child Support Enforcement appeals from a reversal of Director's decision requiring respondent husband to pay $15,000.00 in past due child support. We reverse and remand.

The parties' marriage was dissolved on August 8, 1983. Pursuant to the decree of dissolution, husband was ordered to pay wife $200.00 per month toward the support of the parties' daughter, born July 28, 1973. Wife was awarded custody, subject to husband's rights of supervised visitation on one Saturday or Sunday per month. Further, husband was awarded rights of

reasonable temporary custody to begin three years from the date of the decree.

On March 6, 1990, wife filed an arrearage affidavit with the Division of Child Support Enforcement seeking the collection of support from husband. Court records indicated husband had made no support payments since July, 1984. On July 23, 1990, and pursuant to § 454.476 RSMo 1986,[1] the Division issued orders that found husband owed $15,000.00 in past due child support and directed husband's employer to withhold and pay over $300.00 per month to the Circuit Court of St. Louis County.

Husband requested an administrative hearing pursuant to § 454.476.4; the hearing was held before an administrative hearing officer on January 9, 1991. Husband testified that pursuant to a verbal agreement in April, 1984, wife waived future child support payments in exchange for husband's agreement to forego enforcement of his visitation rights. Further, husband asserted that wife made no demands for child support until July, 1990, and that, in reliance on the agreement, he made no attempts to visit his daughter from the date of the agreement through 1990. Wife denied the existence of an agreement and testified she made repeated attempts to collect child support from April, 1984 through July, 1990.

In its findings of fact and conclusions of law, the hearing officer found there was insufficient evidence to establish an agreement to waive child support. Further, the officer found there was insufficient evidence to show wife's acquiescence or to show some fact or circumstance giving rise to the defense of waiver by acquiescence.[2]

Pursuant to § 454.475.5, husband filed a petition for review in the Circuit Court of St. Charles County, asserting Director failed to correctly apply the law regarding waiver by acquiescence to the facts as presented at the hearing. After submission of the cause on the pleadings, transcript, and briefs of the parties, the trial court reversed Director's order as to the

amount of the arrearage and found that wife, by acquiescing in husband's nonpayment of support, had waived the arrearages accruing from January 14, 1985, through July 23, 1990. Director timely appealed on wife's behalf. Husband has filed no appellate brief with this court.

■ On appeal from a circuit court judgment in an action for judicial review of an administrative agency decision, we review the decision of the agency, not the judgment of the circuit court. *Biggs v. Missouri Comm'n on Human Rights*, 830 S.W.2d 512, 515 (Mo.App.1992). Judicial review of the agency's decision is governed by §§ 536.100 to 536.140. § 454.475.5. Accordingly, we determine whether the administrative decision was supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious, or unreasonable; or whether the administrative action constituted an abuse of discretion. *Biggs*, 830 S.W.2d at 515–516; § 536.140.2. Moreover, where the decision does not involve the exercise of discretion in light of the facts but involves only the application of law to the facts, as here, this court may weigh the evidence and determine the facts accordingly. *Scheble v. Missouri Clean Water Comm'n*, 734 S.W.2d 541, 551 (Mo. App.1987); § 536.140.3. In so doing, however, we defer to the agency's expertise and findings with regard to the credibility of witnesses, and "if the evidence permits either of two opposed findings, we should accept the findings of the administrative body." *Scheble*, 734 S.W.2d at 551 (quoting *Fleming Foods of Missouri, Inc. v. Runyan*, 634 S.W.2d 183, 192 (Mo. banc 1982)).

The testimony of the parties conflicted greatly. At the agency hearing, husband testified that upon his demand for visitation, wife stated husband was not going to see his daughter again, regardless of how much support he paid. Husband interpreted this exchange as "[a] verbal agreement that if I was willing to give up my visita-

---

1. All statutory references are to RSMo 1986.

2. The hearing officer's findings and order constitute the decision of the Director of the Division of Child Support Services. § 454.475.5.

tion rights that she was just going to leave me alone and I was to leave her alone." Husband further asserted that after the date of the agreement, he exercised no visitation rights and wife made no demands for support until July, 1990, when the parties' daughter initiated contact with husband.

Wife vigorously denied the existence of an agreement and accused husband of fabricating the conversation about which he testified. Further, wife testified concerning numerous collection efforts she made after the date of the alleged agreement and until "a year or two" before the hearing.

■ The determination of the witnesses' credibility was for Director, who was free to accept wife's testimony and reject that of husband. *State ex rel. Division of Family Serv. v. Skinner*, 786 S.W.2d 148, 149 (Mo.App.1990). Director found insufficient evidence that husband and wife had agreed to discontinue future child support in exchange for husband's forebearance of visitation. This finding is supported by documentary evidence indicating wife made repeated attempts at collection in 1984, 1985, and 1990, including the filing of an affidavit in 1985 in which she demanded numerous payments due from 1983 to 1985 and alleged that husband was "currently obligated" to pay child support of $200.00 per month. We find competent and substantial evidence to support Director's determination.

■ Even if the evidence were sufficient to establish an agreement between the parties to modify future child support, the agreement would be void and unenforceable. *Foster v. Foster*, 703 S.W.2d 952, 954 (Mo.App.1986). "Child support payments are for the benefit of the child and the parties are not authorized to settle or compromise future payments without judicial modification of the decree." *Id.*[3] We consider evidence concerning the alleged

agreement only as it relates to wife's intent to acquiesce in husband's nonpayment. *See Haynes v. Haynes*, 648 S.W.2d 895, 896 (Mo.App.1983).

■ Under certain circumstances, a court in equity may refuse to award an obligee the support allegedly due, even in the absence of a court-ordered modification or agreement to compromise past due amounts. *Sutton v. Schwartz*, 808 S.W.2d 15, 18 (Mo.App.1991). When particular facts warrant the invocation of equitable considerations in order to avoid a harsh and unjust result, an obligee may be deemed to have waived support payments as they become due and owing by "acquiescing" in nonpayment or in a reduction of the amount of future support due. *Grommet v. Grommet*, 714 S.W.2d 747, 749–751 (Mo.App.1986). Without more, acceptance of an amount less than owed or a delay in demanding child support payments does not rise to the level of waiver by acquiescence. *Sagos v. Sagos*, 729 S.W.2d 76, 79 (Mo.App.1987). We look for some indicia of injustice such as a change in husband's position induced by a misconception of wife's intent or the status of his court-decreed obligation. *Grommet*, 714 S.W.2d at 751.

■ Here, husband did not pursue visitation after the date of the alleged agreement to modify support.[4] This action may evidence a waiver if accompanied by evidence of an agreement to waive support and a failure to seek support altogether or acceptance of a lesser amount, without protest, over a period of years. *See State v. Thurwalker*, 766 S.W.2d 483, 485 (Mo.App. 1989); *Dablemont v. McMinn*, 691 S.W.2d 490, 491 (Mo.App.1985). Here, however competent and substantial evidence supported Director's findings that there was insufficient evidence of an agreement to waive support, of wife's acquiescence in

---

**3.** If supported by adequate consideration, past due child support can be compromised or settled by the parties like any other debt. *Foster v. Foster*, 703 S.W.2d 952, 954 (Mo.App.1986).

**4.** Although husband contends he did not exercise his visitation rights in reliance on the al-

leged agreement, the evidence indicates husband pursued no visitation at all after the dissolution, with the exception of one attempt eight months prior to the date on which he alleges the agreement occurred.

nonpayment, or of some fact or circumstance giving rise to the defense of waiver by acquiescence. Husband seeks to invoke equitable principles to retain an undeserved windfall, not to protect himself from injustice. Under these circumstances, invocation of equity is inappropriate. *See Grommet*, 714 S.W.2d at 751.

The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to enter judgment affirming Director's decision that husband owes child support arrearages of $15,000.00.

CRIST and REINHARD, JJ., concur.