STATE of Missouri ex rel., Sherrill CLATT, Respondent,

v.

Ralph Duane ERICKSON, Appellant.

No. 62597.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 17, 1993.

Brent Mayberry, Kirksville, for appellant.

Brief was not filed for respondent.

AHRENS, Presiding Judge.

Husband appeals the trial court's order affirming in part and reversing in part an administrative decision by the State of Missouri, Division of Child Support Enforcement (DCSE) concerning husband's child support obligation.[1] We affirm in part and reverse in part.

The parties marriage was dissolved on December 17, 1976. The divorce decree ordered husband to pay $150.00 per month for each of their two children: Tammy Erickson, born August 11, 1965, and Alan Erickson, born January 6, 1967. Wife was granted custody of the children. Husband made occasional support payments to wife.

In August, 1989, wife requested DCSE's assistance in collecting support payments. DCSE began its collection efforts in January, 1990, by issuing an administrative order on existing order pursuant to § 454.476 RSMo 1986[2] and placing a lien on hus-

---

1. The Parties agreed at trial that DCSE's determination of maintenance (spousal support) for $40,000.00 was barred by the statute of limitations. This issue was not raised on appeal.

2. All references to statutes are to RSMo 1986 unless otherwise stated.

band's property. Husband was also informed of DCSE's plans to report husband's child support delinquency to the credit bureau.

Husband requested an administrative hearing pursuant to § 454.475 challenging DCSE's determination on two grounds: 1) payments were made on substantially all of the debt;[3] 2) a portion of the obligation was not legally enforceable. The hearing was held on April 3, 1990 before a hearing officer. At the hearing DCSE entered an arrearage affidavit and a child support computation worksheet into evidence. Each document was prepared in August, 1989, as part of DCSE's investigation. Husband entered cancelled checks into evidence. The earliest check to wife was dated April 5, 1986. None of the evidence was recorded with a court and no court records were considered at the hearing. The hearing officer's conclusions of law included finding that, pursuant to § 516.350, each periodic support payment is presumed paid and satisfied after 10 years unless revived by personal service or payment on record. The hearing officer determined that the judgment for support obligation was revived back through April 5, 1976.[4]

Husband requested judicial review of the administrative order in the Circuit Court of Scotland County. In addition to reviewing the hearing record, the trial court received evidence from the Circuit Clerk who testified that a payment dated May 7, 1991, was the only support payment entered in the court records. The trial judge affirmed DCSE'S decision regarding child support payments. Husband now appeals the decision of the circuit court. This court affirms in part and reverses in part.

On appeal from a circuit court judgment in an action for judicial review of an administrative agency determination, the appellate court reviews the decision of the agency, not the judgment of the circuit court. *State ex rel. Bramlet v. Owsley*, 834 S.W.2d 868, 870 (Mo.App.1992). Judicial review of DCSE's decision is governed by § 454.475.5 and §§ 536.100 to 536.140. A reviewing court should determine whether the action of the agency was supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious, or unreasonable; or whether the administrative action constituted an abuse of discretion. *Bramlet*, 834 S.W.2d at 870; § 536.140.2. However, when the agency action being reviewed does not involve agency discretion, but only involves the application of law to the facts, the court may weigh the evidence and determine the facts accordingly. *Bramlet*, 834 S.W.2d at 870; § 536.140.3. Furthermore, whenever the court is permitted to weigh the evidence and determine the facts for itself, the court may consider evidence in addition to the hearing record if it finds that the evidence could not have been produced or was improperly excluded at the hearing. *Bramlet*, 834 S.W.2d at 870; § 536.140.4.

Husband contends that the trial court erred in affirming DCSE's decision regarding child support. He argues that the judgment for child support is conclusively presumed paid. Furthermore, husband claims that the trial judge improperly considered the arrearage affidavit as a record for the purposes of revival of a judgment.

Section 516.350 states that in any judgment awarding periodic payments for child support or maintenance, each periodic payment is presumed paid and satisfied ten years from the date that periodic payment

**3.** Husband argued at the hearing that payments made directly to the children and payments made to third party creditors should be applied to the judgment and reduce the debt. The hearing officer denied husband's claim stating "when a father is required by court order to pay the mother money to support the children, accrued and unpaid installments become judgments in favor of the mother, and the father cannot claim as credits against judgments payments made to the children or directly to others for the benefit of the children except where

such payments are made with the express or implied consent of the mother or where compulsion of circumstances make them necessary. *Cooper v. Allstate Insurance Company*, 735 S.W.2d 204 (Mo.App.1987)." This issue was not raised on appeal.

**4.** The hearing officer's findings and order constitute the decision of the Director of Child Support Services. § 454.475.5.

is due unless revived. *Ferguson v. Ferguson*, 636 S.W.2d 323, 324 (Mo.1982); § 516.-350. A judgment may be revived either by personal service upon the defendant or by "a payment made on the judgment and 'duly entered on the record thereof.'" *Ferguson*, 636 S.W.2d at 324 (quoting § 516.350); § 516.350. The key issue in this case is whether the judgment for child support was revived by a payment made on the record.

In reference to court proceedings, the term "record" is "a written memorial of all the acts and proceedings in an action or suit, in a court of record." Black's Law Dictionary 1145 (5th ed.) Recognizing that the recordation of child support payments is an ongoing process which occurs post-judgment, the term "record" would include "any recordation by the clerk of the court for payments made on the judgment." *Spangler v. Spangler*, 831 S.W.2d 256, 259 (Mo.App.1992). This interpretation is supported by § 452.345.3 (Supp.1992) which outlines the duty of the clerk of the court to keep records of child support payments. *Spangler v. Spangler*, 831 S.W.2d at 259.

The DCSE and the circuit court determined that the judgment for child support was revived by a payment on the record dated April 5, 1986. The circuit court relied on the arrearage affidavit prepared during the DCSE investigation for this determination. The arrearage affidavit is a standard form used in DCSE investigations which itemizes support payments received by the custodial parent. In response to the affidavit's inquiry into the dates and amounts of each installment paid, wife stated "no regular payments, but periodically" for a total of $3600.00 in support paid from December 1976 through December 1987. This affidavit was not recorded with the clerk of the court and did not become a part of the record. The trial court and DCSE erred in considering this affidavit for purposes of revival under § 516.350.

The record before us on appeal includes testimony by the Circuit Clerk indicating that a payment for $63.75, dated May 7, 1991, is present on the court records. Since the determination of whether a payment is made on the record does not involve the exercise of discretion but only involves the application of law to the facts, the court may weigh the evidence and determine the facts accordingly. *Bramlet*, 834 S.W.2d at 870; § 536.140.3. This court finds that a payment on the judgment was duly entered on the record of the court on May 7, 1991.[5] Any payment made will revive the judgment for the amount of the arrearage due for the ten years prior to the payment being made. *Spangler*, 831 S.W.2d at 259. Pursuant to § 516.350, the judgment for child support is effectively revived from the date of May 7, 1981, and all payments due before that date are presumed paid and satisfied.

The judgment of the trial court is affirmed in part and reversed in part and the cause is remanded for further proceedings consistent with this opinion.

REINHARD and CRIST, JJ., concur.

---

**5.** Although it may be argued that the April 5, 1986, payment became a part of the record when the aid of the judicial system was enlisted, this will not be sufficient for revival. Section 516.350 requires payments to be "duly entered on the record." The petition for review in the Circuit Court, Scotland County was filed in 1990. A period of four years cannot be considered "duly" under the circumstances. *See Sparks v. Trantham*, 814 S.W.2d 621 (Mo.App. 1991).