**Robert W. BOLAND, Jr., Respondent,**

v.

**STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, et al., Appellant.**

No. WD 50543.

Missouri Court of Appeals, Western District.

Oct. 31, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1995.

Roya R. Hough, Jefferson City, for appellant.

Lori J. Levine, Jefferson City, for respondent.

Before F̧ENNER, C.J., P.J., BERREY, J. and TURNAGE, Senior Judge.

FENNER, Chief Judge.

The Department of Social Services, Division of Child Support Enforcement appeals from the trial court's reversal of its decision requiring Robert W. Boland, Jr., to pay $42,-000 of past due child support. The judgment of the trial court is affirmed in part and reversed and remanded in part.

Robert Boland and Carolyn Daugherty were divorced on July 21, 1975. The divorce decree granted custody of the parties' two children to Ms. Daugherty and ordered Mr. Boland to pay child support of $175 per month per child.

In February 1975, Ms. Daugherty and the children moved to her parents' home in Cincinnati, Ohio. Mr. Boland visited the children twice after their move to Ohio. He saw them once during Christmas 1975 in Missouri. He also traveled to Cincinnati to visit the children in June 1976. In February

1979, Ms. Daugherty remarried, changed her name, and moved with the children from her parents' home. She did not inform Mr. Boland of her marriage, name change, or change of address. He has not seen the children since the June 1976 visit.

On January 23, 1992, the Missouri Division of Child Support Enforcement (Division) issued an Administrative Order on Existing Order finding that Mr. Boland owed $42,700 in past due child support and directing him to pay current support of $350 per month and an additional $175 per month towards the child support arrearage. The Division also issued an Order for Employer to Withhold and Pay Over to Mr. Boland's employer. Mr. Boland requested an administrative hearing and posted a $1,575 bond representing three months of child support which suspended the withholding order pending the outcome of the administrative hearing.

The hearing was held on May 26, 1992, by telephone conference to determine whether Mr. Boland owed child support arrearage and, if so, the amount of the arrearage. The Division submitted the divorce decree of the parties issued by the Circuit Court of Jackson County, Missouri, a Child Support Debt Computation Worksheet, and an Affidavit of Arrears signed by Ms. Daugherty.

Mr. Boland did not testify at the hearing. Instead, his testimony was contained in a brief which was stipulated to by the Division. Mr. Boland stated he was told by Ms. Daugherty that she did not want him to attempt to contact or visit the children again. He claimed that repeated requests for visitation with the children were denied by Ms. Daugherty. Additionally, he stated that he continued to mail his child support payments to the home of Ms. Daugherty's parents until April 1980 when his April and May checks were returned marked "unable to forward." In his brief, Mr. Boland argued waiver by acquiescence as a defense to the action for child support arrearages. He argued that he forfeited his relationship with his children in exchange for Mr. Daugherty's acquiescence to his nonpayment of support.

Ms. Daugherty testified at the hearing that Mr. Boland never requested visitation or attempted communication with the children and that she never refused it. She stated that Mr. Boland knew how to reach her and the children through her parents whose address had not changed. Furthermore, she testified that she did not receive any child support payments after April 1978.

In its findings of fact and conclusions of law, the hearing officer determined that competent and substantial evidence established that Mr. Boland had accrued a child support obligation of $42,000 from January 23, 1982, through January 23, 1992.[1] It found that there was insufficient evidence to establish that visitation had been denied by Ms. Daugherty or that the parties agreed that Mr. Boland would forego visitation. The defense of waiver by acquiescence, therefore, did not apply in this case.

On June 29, 1992, Mr. Boland filed a Petition for Judicial Review and Application for Temporary Restraining Order in the Circuit Court of Cole County, Missouri. The trial court stayed the administrative order and wage garnishment on July 24, 1992, and the trial was held on October 23, 1994. During trial, Mr. Boland and Ms. Daugherty testified.

In addition to the evidence presented at the administrative hearing, Ms. Daugherty testified regarding the emancipation of one child. She testified that the child was enrolled in college in October 1991 but did not attend classes. Furthermore, she stated that the child was married in March 1993. She admitted that she continued to receive support checks from Mr. Boland for the child after she was emancipated.

Mr. Boland's testimony also reflected his testimony at the administrative hearing. In addition, he testified that he did nothing to secret himself from Ms. Daugherty and the children. He admitted that he made no further attempts to contact Ms. Daugherty or the children after April 1980. Mr. Boland also testified that he had not been informed

---

1. The Division found that the ten-year statute of limitations only allowed collection of accrued support from January 23, 1982.

that his daughter was no longer attending college and had married until he received Ms. Daugherty's answer to interrogatories in August 1994 before trial. He testified that he had paid $5,048.65 in child support for his daughter since she became emancipated.

In its Findings of Fact, the trial court adopted Mr. Boland's statement of the facts of the case. It found that Ms. Daugherty told Mr. Boland not to contact the children again and that she did not provide Mr. Boland a way to contact her or the children after her remarriage. It further found that Ms. Daugherty waited over twelve years to seek enforcement of Mr. Boland's child support obligation and that it would be unjust and inequitable enrichment to permit her to collect it now.

In its Conclusions of Law, the trial court accepted Mr. Boland's contention that the administrative hearing officer could not hear or consider the equitable defense of waiver by acquiescence. Instead, the trial court determined that the defense was properly before it and was applicable to bar recovery of past due child support in this case. In conclusion, the trial court found that Mr. Boland was not obligated to pay the past due support, but did have an obligation to continue to support his second child until she was emancipated. The court further determined that Ms. Daugherty must reimburse Mr. Boland for overpayment regarding the emancipated child. The Division appeals from this judgment.

## I.

In its first point on appeal, the Division claims the trial court erred in finding that the Division had no authority to hear the equitable defense of waiver by acquiescence. Mr. Boland argues that section 454.476, RSMo 1994 [2] limits the defenses that may be asserted at an administrative hearing to contest the Division's order and withholding, and that the hearing officer's determination regarding the equitable defense of waiver by acquiescence was beyond the scope of the Division's statutory authority.

Section 454.476.4 provides:

At such hearing, the certified copy of the court order and the sworn or certified statement of arrearages shall constitute prima facie evidence that the director's order is valid and enforceable. Once the prima facie case is established, the obligor may assert only mistake of fact as a defense. Mistake of fact shall mean an error in the amount of arrearages or an error as to the identity of the obligor. The obligor shall have the burden of proof as to these issues.

§ 454.476.4.

At the hearing, a certified copy of the divorce decree was produced along with a sworn statement of the alleged arrearages. These documents established the prima facie case against Mr. Boland pursuant to section 454.476.4. Mr. Boland contends that once the prima facie case was established, the only defense available to him was mistake of fact regarding the amount of arrearages or his identity. Additionally, he asserts that the defense regarding the amount of arrearages is limited only to question discrepancies in the amounts paid by the obligor.

Mr. Boland relies on *Dye v. Division of Child Support Enforcement, Dep't of Social Services,* 811 S.W.2d 355 (Mo. banc 1991), for his contention that the hearing officer did not have the authority to consider the equitable defense of waiver by acquiescence. In *Dye,* the constitutionality of the statutory procedure for an administrative hearing was contested. *Id.* at 359. In discussing whether the constitutional issue was properly raised below, the Missouri Supreme Court found that neither the division nor the hearing officer had the authority to resolve the constitutional issue. *Id.* at 357. The present case did not involve a constitutional question and is clearly distinguishable from *Dye.*

■ Waiver by acquiescence has often been raised as a defense to an action brought to recover past due child support at the administrative hearing level. *See Siegfried v. Larue,* 891 S.W.2d 556 (Mo.App.1995); *Ogden v. Henry,* 872 S.W.2d 608 (Mo.App.1994); *Mora v. Mora,* 861 S.W.2d 226 (Mo.App. 1993); *State ex rel. Bramlet v. Owsley,* 834

---

**2.** All statutory references are to the RSMo 1994 unless otherwise indicated.

S.W.2d 868 (Mo.App.1992). A parent claiming waiver by acquiescence is essentially claiming an error in the amount of arrearages. He is arguing that he owes less than judicially ordered or nothing by virtue of the other parent's acquiescence in his nonpayment. To hold that the equitable defense of waiver by acquiescence cannot be raised and decided at the agency hearing level would render the administrative procedure process inefficient and meaningless in many instances.

Furthermore, Mr. Boland raised the defense of waiver by acquiescence in his brief to the hearing officer, and she considered the defense in rendering her decision. Mr. Boland cannot now, after an unfavorable agency decision, claim that the Division did not have the authority to hear the defense. The trial court, therefore, erred in finding that the Division did not have the authority to hear the equitable defense of waiver by acquiescence.

## II.

In its next point, the Division asserts that the trial court erred in finding that Ms. Daugherty acquiesced in Mr. Boland's nonpayment of support and waived the arrearages accruing from January 23, 1982, through January 23, 1992. It argues that the trial court erred in reversing the hearing officer's ruling that Mr. Boland's defense of waiver by acquiescence did not apply in this case.

 On appeal from a judgment in an action for judicial review of an administrative agency decision, an appellate court must examine the decision of the agency, not the judgment of the trial court. *Ogden v. Henry,* 872 S.W.2d 608, 611 (Mo.App.1994); *State ex rel. Bramlet v. Owsley,* 834 S.W.2d 868, 870 (Mo.App.1992). Judicial review of an administrative agency's decision regarding child support enforcement is governed by sections 536.100 to 536.140. § 454.475.5. The scope of judicial review is limited to a determination of whether the administrative decision was supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious, or unreasonable; or whether the administrative action constituted an abuse of discretion. *Id.,*

§ 536.140.2. The evidence and all reasonable inferences from the evidence must be considered in the light most favorable to the agency's decision. *Ogden,* 872 S.W.2d at 611.

 Where the action of the agency did not involve the exercise of discretion in the light of the facts, but only the application of the law to the facts, the reviewing court may weigh the evidence for itself and determine the facts accordingly. *Owsley,* 834 S.W.2d at 870 (citing *Scheble v. Missouri Clean Water Comm'n,* 734 S.W.2d 541, 551 (Mo.App. 1987)); § 536.140.3. The court, however, must defer to the agency's expertise and findings regarding the credibility of witnesses. *Id.*

 Agreements to lower or terminate future child support without court-ordered modification are void and unenforceable. *Siegfried v. Larue,* 891 S.W.2d 556, 559 (Mo. App.1995); *Owsley,* 834 S.W.2d at 871. Parties may agree to settle past due support payments if supported by adequate consideration, however, they may not agree to reduce support which will accrue in the future. *Mora v. Mora,* 861 S.W.2d 226, 228 (Mo.App. 1993); *Owsley,* 834 S.W.2d at 871 n. 3. "Child support payments are for the benefit of the child and the parties are not authorized to settle or compromise future payments without judicial modification of the decree." *Owsley,* 834 S.W.2d at 871 (quoting *Foster v. Foster,* 703 S.W.2d 952, 954 (Mo. App.1986)).

 In certain instances, however, a court in equity may refuse to award an obligee the support allegedly due even in the absence of a court-ordered modification or an agreement to compromise past due amounts. *Owsley,* 834 S.W.2d at 871 (citing *Sutton v. Schwartz,* 808 S.W.2d 15, 18 (Mo.App.1991)). "When particular facts warrant the invocation of equitable considerations in order to avoid a harsh and unjust result, an obligee may be deemed to have waived support payments as they become due and owing by 'acquiescing' in nonpayment or in a reduction of the amount of future support due." *Owsley,* 834 S.W.2d at 871 (citing *Grommet v. Grommet,* 714 S.W.2d 747, 749–751 (Mo.App. 1986)). Some indicia of injustice such as a

change in the obligor's position induced by a misconception of the obligee's intent or the status of the court decreed obligation is required to invoke the doctrine. *Grommet*, 714 S.W.2d at 751. Delay in demanding child support payments or acceptance of an amount less than owed does not preclude a demand for payment of delinquent support. *Cavins v. Cavins*, 751 S.W.2d 127, 128 (Mo. App.1988). Likewise, the obligee's failure to comply with the decree does not suspend the obligor's duty to pay child support. *Saeuberlich v. Saeuberlich*, 773 S.W.2d 170, 171 (Mo. App.1989); *Cavins*, 751 S.W.2d at 128. Waiver by acquiescence is an affirmative defense to an action brought for arrearages in alimony or past due child support, and the parent asserting the defense must sustain the burden of proof. *State ex rel. Division of Family Services v. Willig*, 613 S.W.2d 705, 706 (Mo.App.1981).

In the instant case, the testimony of the parties regarding whether an agreement existed between the parties or whether Ms. Daugherty acquiesced in Mr. Boland's nonpayment conflicted considerably. Mr. Boland claimed Ms. Daugherty told him that he could not see the children. He claimed that repeated requests for visitation with the children were denied. Additionally, he stated that Ms. Daugherty concealed herself and the children from him and left him no way to support the children.

On the other hand, Ms. Daugherty testified that Mr. Boland never requested visitation with the children. Furthermore, she claimed that Mr. Boland was able to contact her through her parents. The record is clear that the hearing officer chose to accept Ms. Daugherty's testimony and rejected that of Mr. Boland. The Division's finding that there was insufficient evidence to show that visitation was actually denied or that the parties agreed that Mr. Boland would forego visitation in exchange for Ms. Daugherty's acquiescence in his nonpayment was supported by competent and substantial evidence and was not arbitrary, capricious, or unreasonable.

Furthermore, the evidence of Ms. Daugherty's delay in seeking enforcement of child support alone is not sufficient to sustain the burden of proof of the defense of waiver by acquiescence. Mr. Boland has failed to show a misconception or reliance. He seeks to invoke equity principles to retain an undeserved windfall, not to protect himself from injustice. *See Ogden*, 872 S.W.2d at 613; *Grommet*, 714 S.W.2d at 751. Ms. Daugherty's actions are not condoned, however, Mr. Boland was not without remedy to seek modification of the decree provisions regarding child support. The trial court, therefore, erred in reversing the Division's decision that Mr. Boland owed $42,000 in past due child support.

## III.

In its last point, the Division claims that the trial court erred in admitting additional evidence upon Mr. Boland's Petition for Judicial Review of an Administrative Decision. First, it argues that the trial court erred in finding that Mr. Boland had no rights of discovery prior to the administrative hearing. Secondly, the Division claims that the additional evidence introduced at the trial did not fall within the statutory rule regarding the admission of additional evidence.

Section 536.140.4 provides:

Wherever ... the court is entitled to weigh the evidence and determine the facts for itself, the court may hear and consider additional evidence if the court finds that such evidence in the exercise of reasonable diligence could not have been produced or was improperly excluded at the hearing before the agency. Wherever the court is not entitled to weigh the evidence and determine the facts for itself, if the court finds that there is competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the agency, the court may remand the case to the agency with directions to reconsider the same in the light of such evidence.

§ 536.140.4.

The Division does not specify, in its point relied on or argument, what "additional evidence" it considers objectionable. Evidence was introduced at the trial concerning the

defense of waiver by acquiescence and the emancipation of one child. The evidence presented at trial regarding the issue of waiver by acquiescence was essentially the same as that presented before the hearing officer, and points one and two above are dispositive concerning the issue. Additional facts, however, were introduced at trial concerning the emancipation of one child.

Rule 84.04(d) requires points relied on to state what action or ruling of the trial court is claimed to be erroneous, why it is erroneous, and what evidence at trial supported the position that the appellant asserts the trial court should have taken. *Luna v. Smith*, 861 S.W.2d 775, 781 (Mo.App.1993). Where appellant fails to raise an issue of alleged error in his points relied on, the issue will be deemed abandoned by the appellate court. *State ex rel. Holly Inv. Co. v. Board of Zoning Adjustment*, 771 S.W.2d 949, 950–51 (Mo.App.1989).

The Division fails to raise an issue of alleged error in the trial court's admission of additional evidence concerning the emancipation of one child. Furthermore, it does not demonstrate that reasonable diligence could have produced the evidence of the child's emancipation at the hearing or that it was properly excluded at the hearing. The Division's point relied on is deficient, and the issue concerning the admission of additional evidence at trial regarding the emancipation of one child and the overpayment of support is abandoned. The trial court's finding, based on additional evidence heard at trial, that Mr. Boland overpaid Ms. Daugherty the sum of $5,048 for the support of an emancipated child is affirmed.

Point three is denied.

The judgment is affirmed in part and reversed and remanded to the trial court in part to reinstate the Division's order directing Mr. Boland to pay $42,000 in past due child support less $5,048 paid after the emancipation of one child.

All concur.