Louis DRINING, Jr., and Louis E. Drining, Appellants,

v.

MISSOURI BONE & JOINT CLINIC, INC., and Thomas Albus, M.D., Respondents.

No. 52023.

Missouri Court of Appeals,
Eastern District,
Division One.

May 26, 1987.

David C. Godfrey, Clayton, for appellants.

Kortenhof & Ely, Joseph M. Kortenhof, Rochelle Kaskowitz, St. Louis, for respondents.

CRIST, Judge.

Plaintiffs (father and son) appeal from an adverse jury verdict in an alleged malpractice case against defendants for improperly caring for son's leg after he was injured in a motorcycle accident. We affirm.

Dr. Gaines was hired by plaintiffs to examine son to determine whether malpractice occurred. Plaintiffs assert reversible error in the admission into evidence of Dr. Gaines' deposition testimony and a letter from Dr. Gaines to plaintiffs' attorney which read: "[T]here is absolutely no reason whatsoever to consider litigation against anyone." Plaintiffs had no objection to this letter when it was offered into evidence, did not object to the deposition testimony at trial on the ground raised on appeal, and did not object to the passing of the letter to the jury. Accordingly, the assertion of reversible error was not preserved for review.

After the lawsuit had been filed, plaintiffs' lawyer sent son to Dr. Robert Gaines. Dr. Gaines was to examine son, review medical records and render an opinion as to whether Dr. Albus had done anything improper. Plaintiffs were also interested in whether a plate inserted in son's leg should be removed.

Following the examination, Dr. Gaines wrote to plaintiffs' attorney regarding his review of the medical records and his examination of son. The letter stated, in part, as follows:

I believe Dr. Albus and the hospital performed in an exemplary fashion and there is absolutely no reason whatsoever to consider litigation against anyone.

Defendants took a deposition of Dr. Gaines. During the deposition, Dr. Gaines testified as to the contents of the letter. Defendants wanted to read portions of this deposition into evidence at trial. During trial, an in-chambers conference was held regarding the admissibility of the deposition. The court asked whether plaintiffs were raising an objection to Dr. Gaines' testimony. They objected only to that portion of the deposition stating, "and there is absolutely no reason whatsoever to consider litigation against anyone," and only mentioned as grounds for their objection that the statement was "irrelevant and immaterial." This objection was overruled.

Defendants indicated that, besides reading the deposition, they would like to have the entire letter itself entered into evidence as an exhibit. Plaintiffs objected to the letter "for the same purpose." The trial court advised plaintiffs they could object when the letter was offered.

■ The letter was later offered into evidence. The trial court, anticipating a ruling on the admission of the letter might be necessary and without prompting by counsel, requested that counsel approach the bench. At that point, plaintiffs affirmatively stated they had no objection to the admission of the letter into evidence. The court, hearing no objection, admitted the letter into evidence. As to any present objection to the letter, plaintiffs affirmatively stated at trial they had no objection to the admission of the letter. No objection can be made on appeal concerning the admissibility of an exhibit where such an exhibit was admitted without objection at trial. *State ex rel. State Highway Commission v. Eilers*, 406 S.W.2d 567, 571 [6] (Mo.1966).

No claim of error can be considered by an appellate court in a civil appeal unless it is presented to and decided by the trial court. Rule 84.13(a); *Ohlendorf v. Feinstein,* 636 S.W.2d 687, 690 [3] (Mo.App. 1982). Plaintiffs objected to the statement of Dr. Gaines in his deposition on the ground that it was irrelevant and immaterial. On appeal, plaintiffs are objecting to the statement on the ground it invaded the province of the jury by stating a legal conclusion.

 Appellant did not preserve his objection for review since his appellate objection did not contain the ground asserted at trial. *Williams v. John Hancock Mutual Life Insurance Co.,* 718 S.W.2d 611, 614 [5] (Mo.App.1986). Moreover, the letter contained precisely the same evidence that plaintiffs complained of in the deposition. A complaining party cannot be prejudiced by the admission of allegedly inadmissible evidence if the challenged evidence is merely cumulative to other evidence admitted without objection. *Dunn v. St. Louis-San Francisco Ry. Co.,* 621 S.W.2d 245, 252 [7] (Mo.banc 1981), *cert. denied, Burlington Northern R.R. Co. v. Dunn,* 454 U.S. 1145, 102 S.Ct. 1007, 71 L.Ed.2d 298.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.