**Alfred and Gwendolyn BROWN, Appellants,**

v.

**Gary STANGLER, Director of the Missouri Department of Social Services, and Carmen Schulze, Director of the Missouri Division of Family Services, Respondents.**

**No. WD 53742.**

Missouri Court of Appeals, Western District.

Nov. 4, 1997.

Charles Staples, St. Louis, for appellants.

Steven Kuntz, Mo. Dept. of Social Services, Jefferson City, for respondents.

SPINDEN, Judge.

Alfred and Gwendolyn Brown appeal the circuit court's dismissal of their petition for declaratory judgment against Gary Stangler, director of the Department of Social Services, and Carmen Schulze, director of the Division of Family Services. This case involves the Browns' attempt to attack a determination by the Child Abuse and Neglect Review Board (CANRB)[1] that the Browns neglected a foster child.

---

1. Section 210.153.1 says, "There is hereby created in the department of social services the 'Child Abuse and Neglect Review Board', which shall provide an independent review of child abuse and neglect determinations in instances in which the alleged perpetrator is aggrieved by the decision of the division of family services." All cita-

The Browns could have sought *de novo* judicial review of the CANRB's decision with the circuit court, but they did not. Instead, they filed a declaratory judgment action seeking the circuit court's declaration that the CANRB was subject to the contested case procedures required by the Administrative Procedure Act, Chapter 536 *et seq.*, and that the CANRB had denied them their constitutionally-protected due process rights. The circuit court concluded that declaratory relief was unavailable to the Browns because they had an adequate remedy at law in that they could have sought *de novo* judicial review of the CANRB's adverse determination. The circuit court also found that the CANRB is not subject to contested case procedures. The Browns appeal. We affirm.

■ The Browns contend that the circuit court erred in concluding that the CANRB's hearings are not contested cases subject to the contested case procedures set forth in the Administrative Procedure Act, Chapter 536, RSMo. The circuit court concluded that §§ 210.152 and 210.153 "do not express or imply a legislative intent that formal, contested case procedures apply[.]" We need not concern ourselves with the correctness of this conclusion because the circuit court was correct that the Browns did not pursue the appropriate means of appeal, and this was outcome determinative. The declaratory judgment action they have asserted is an inappropriate means of appealing the CANRB's determination because an adequate remedy at law, with a specific method of review, was available to them. *Adkisson v. Director of Revenue,* 891 S.W.2d 131, 133 (Mo. banc 1995).

Section 210.152.5 provides the procedure for reviewing decisions of the CANRB. That statute says:

If the alleged perpetrator is aggrieved by the decision of the child abuse and neglect review board, the alleged perpetrator may seek *de novo judicial review* in the circuit court in the county in which the alleged perpetrator resides and in circuits with split venue, in the venue in which the alleged perpetrator resides, or in Cole County. If the alleged perpetrator is not a resident of the state, proper venue shall be in Cole County. The case may be assigned to the family court division where such a division has been established. The request for a judicial review shall be made within sixty days of the notification of the decision of the child abuse and neglect review board decision. In reviewing such decisions, the circuit court shall provide the alleged perpetrator the opportunity to appear and present testimony. The alleged perpetrator may subpoena any witnesses except the alleged victim or the reporter. However, the circuit court shall have the discretion to allow the parties to submit the case upon a stipulated record.[2]

■ The Browns complain that this was not an adequate method of review because their constitutional claims concerning the CANRB's procedural rules for a hearing could not have been adjudicated.[3] They are incorrect. In a *de novo* review proceeding, the Browns would have had an opportunity for a full hearing of all issues, including the constitutionality of the CANRB's procedures. *See Jenkins v. Director of Revenue,* 858 S.W.2d 257, 261 (Mo.App.1993). Had the Browns pursued a *de novo* review, they would have received a broader scope of review than the Constitution requires[4] or is

---

tions to statutes refer to the 1994 Missouri Revised Statutes unless otherwise noted.

2. We added the emphasis.

3. The Browns assert that *Dye v. Division of Child Support Enf., Dept. of Social Serv., State of Missouri,* 811 S.W.2d 355 (Mo. banc 1991), stands for the proposition that constitutional challenges cannot be heard by the Division, the CANRB or by the circuit court on *de novo* review. They contend that *Dye* is precedent for their right to raise their constitutional claims by collateral action. In the *Dye* case, however, the Supreme

Court said that the father need not present his constitutional challenges to certain child support provisions at the administrative hearing to be able to raise them at a subsequent judicial review of the administrative determination. The *Dye* case in no way authorizes circumventing the judicial review provisions and later challenging the constitutionality of an administrative proceeding in a collateral action.

4. Mo. Const. art. V, § 18 (1945) says, "All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or

required in a contested case. *Id.*; *Phipps v. School District of Kansas City*, 645 S.W.2d 91, 95 (Mo.App.1982). Hence, their contention is without merit.[5]

The Browns assert that *de novo* review was inadequate because it would preclude their appealing from the circuit court. They rely on *Strathmann v. Missouri Department of Social Services*, 756 S.W.2d 651 (Mo.App. 1988). In 1988, when this court's Eastern District rendered the *Strathmann* opinion, § 210.152.3, RSMo 1986, did preclude an appeal beyond the circuit court level. *Id.* at 651. The General Assembly amended § 210.152 in 1994 to end the prohibition against appeals beyond the circuit court level. See § 210.152.5.[6] Thus, the Browns would have had a right to further appeal after the circuit court's *de novo* review.

■ Finally, the Browns assert that the circuit court erred in dismissing their declaratory judgment action because the CANRB violated their due process right to notice of the right to *de novo* review and by not advising them that no collateral attacks on the decision would be allowed. We know of no cases—and the Browns cite us to none—holding that due process requires an agency to afford such advice without a legislative mandate. We find no such legislative mandate, and the information that the Browns desired was clearly set out in § 210.152. Subsection 5 says that aggrieved parties have 60 days from the date of notification of the CANRB's determination to petition the appropriate circuit court for review.[7] The Browns' contention is without merit.

The circuit did not err in dismissing their petition for declaratory judgment because the Browns had an adequate remedy at law. They could have petitioned the circuit court for *de novo* review of the CANRB's determination, so declaratory relief was unavailable to them.

ULRICH, C.J., P.J., and HOWARD, J., concur.

---

quasi-judicial and affect private rights, shall be subject to direct review by the courts." This provision establishes a minimum standard for judicial review of administrative decisions. "[W]hile the right to review of administrative decisions is constitutionally mandated, the manner in which that review is conducted may be determined by the General Assembly." *Jarvis v. Director of Revenue*, 804 S.W.2d 22, 25 (Mo. banc 1991).

5. Because we reach this conclusion, we need not address the Browns' constitutional challenges concerning whether (1) the CANRB's use of the probable cause standard violated equal protection, (2) the CANRB's failure to make written findings of fact and conclusions of law violated the constitution, and (3) the circuit court's ruling that the Browns have no right to a declaratory judgment vests *de facto* appellate review in the circuit court.

6. For example, see *Davis v. Missouri Div. of Fam. Serv.*, 907 S.W.2d 280 (Mo.App.1995), where this court conducted a review of the circuit court's *de novo* decision.

7. The Browns did file a petition with the Administrative Hearing Commission seeking review of the CANRB's decision, but the AHC dismissed the petition for lack of subject matter jurisdiction.