Jessica PETET and Deanna Bailey, Respondents,

v.

STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, DIVISION OF FAMILY SERVICES, Appellant.

No. WD 58299.

Missouri Court of Appeals, Western District.

Dec. 12, 2000.

Lawrence D. Love, Independence, for appellant.

Sherrill P. Roberts, Liberty, for respondents.

Before EDWIN H. SMITH, Presiding Judge, ULRICH, Judge and ELLIS, Judge.

ELLIS, Judge.

Appellant State of Missouri Department of Social Services, Division of Family Services ("Division"), appeals from a judgment entered by the Circuit Court of Clay County reversing a Child Abuse and Neglect Review Board ("CANRB") finding that probable cause existed to believe that Respondents Jessica Petet and Deana Bailey had abused or neglected a minor child on August 18, 1993. The Circuit Court held that the Division lacked statutory authority to "re-open" or "continue" an investigation of Respondents over a year after it sent out notification that the investigation had been completed and that no probable cause existed to support charges of neglect. The parties submitted the case to the circuit court on the following stipulated facts.

On August 18, 1993, a hotline report was filed alleging that Michael S____, a minor child, had been abused or neglected.[1] As a result of that report, the Division undertook an investigation of the allegations related to that incident.

After conducting that investigation, on October 5, 1993, the investigator for the Division determined that there was no evidence to substantiate the allegations of abuse and/or neglect against either Petet or Bailey. Later that day, the Division sent a letter to Petet stating, in relevant part, "Our investigation has been completed under Sections 210.110–210.165 RSMo and the Division has determined that ... [t]here is no evidence to substantiate Child Abuse or Neglect."

From October 1993 through September 1995, there were no new hot line reports of abuse or neglect related to either Petet or Bailey. However, in September 1995, the Division sent letters to Respondents stating that the Division intended to "continue the investigation" related to the August 18, 1993, report. In the first week of November 1995, the Division sent a letter to Respondents stating that it had determined that probable cause existed that both of them had been involved in child abuse and/or neglect in the August 18, 1993, incident.

As a result of that determination, the Respondents' names were placed on the list of individuals determined by the Division to have abused or neglected a child. The names of individuals placed on that

---

1. The alleged incident was designated "Incident Number 93231001."

list are available to potential childcare employers.

Respondents timely requested that the CANRB review the Division's decision. In their request for review, Respondents asserted that the Division had no jurisdiction to "continue" the investigation in the fall of 1995 and that the Division's probable cause determination should be deemed a nullity and void *ab initio*.

On December 2, 1998, the CANRB conducted a hearing on the matter. On December 23, 1998, the CANRB issued its decision upholding the Division's probable cause determination after a substantive review of the evidence. In the course of its review, the CANRB did not address the procedural or jurisdictional arguments raised by Respondents.

Respondents timely filed a petition for *de novo* judicial review in the Circuit Court of Clay County, Missouri pursuant to § 210.152.5.[2] On November 24, 1999, the parties appeared by their attorneys and submitted the matter for *de novo* review to the court upon stipulated facts and briefs filed by the parties. On January 31, 2000, the Circuit Court entered judgment finding that the Division did not have jurisdiction to "continue" or "reopen" its investigation of Respondents where no new hotline complaints had been lodged against either of them and no new evidence had been presented to the Division to prompt further investigation. The Circuit Court held that the Division's initial finding that there was insufficient evidence to establish probable cause was final and could not be revisited by the Division. The Division appeals from that judgment.

In determining the proper appellate standard of review, we first address the nature of the trial court proceeding. Section 210.152.5 provides, in pertinent part:

> If the alleged perpetrator is aggrieved by the decision of the [CANRB], the alleged perpetrator may seek *de novo judicial review* in the circuit court. . . . In reviewing such decisions, the circuit court shall provide the alleged perpetrator the opportunity to appear and present testimony. The alleged perpetrator may subpoena any witnesses except the alleged victim or the reporter. However, the circuit court shall have the discretion to allow the parties to submit the case upon a stipulated record.

(emphasis added). When the determination of the CANRB is challenged and the alleged perpetrator seeks *de novo* judicial review in the circuit court, that court conducts a fresh hearing on the matter and is not limited in any way by the previous decisions of the Division or the CANRB. *Williams v. State, Dept. of Social Services, Div. of Family Services*, 978 S.W.2d 491, 494 (Mo.App. S.D.1998). In that *de novo* review proceeding, the alleged perpetrator is afforded the opportunity for a full hearing on all issues. *Brown v. Stangler*, 954 S.W.2d 707, 708 (Mo.App. W.D.1997). "The case law indicates that the trial *de novo*, although in theory an appeal of the administrative hearing, is an original proceeding and is not an exercise of review jurisdiction." *Jenkins v. Director of Revenue*, 858 S.W.2d 257, 260 (Mo.App. W.D. 1993).[3] Therefore, we review the decision

---

**2.** All statutory references are RSMo 1994 unless otherwise noted.

**3.** To the extent *Davis v. Missouri Div. of Family Services*, 907 S.W.2d 280 (Mo.App. W.D. 1995), can be read to the contrary, that case is overruled. In *Davis*, the court noted that a new hearing was held before the circuit court and that the circuit court had determined that the "evidence comes closer to raising an inference that the child was injured in her own home than at the home of the petitioner." *Id.*

at 281. *Davis* stated that the standards of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), applied to the appellate review of the circuit court's decision, however, *Davis* then held that the circuit court's only function under Section 210.152 was to determine whether the Division's determination of probable cause was supported by competent and substantial evidence. *Id. Davis* reversed the judgment of the circuit court stating that the circuit court was acting in an appellate capacity and was not allowed to weigh the evidence

of the circuit court and not that of the Division.

The circuit court's decision "will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law." *Davis v. Missouri Division of Family Services,* 907 S.W.2d 280, 281 (Mo.App. W.D.1995). When, as here, the parties agree to submit a case to the circuit court upon a stipulation of facts, appellate review is limited to whether the circuit court drew the proper legal conclusions from the stipulated facts. *Bakker v. Employee Sav. Plan of McDonnell Douglas Corp.,* 919 S.W.2d 16, 17 (Mo. App. E.D.1996); *Miskimen v. Kansas City Star Co.,* 684 S.W.2d 394, 398 (Mo.App. W.D.1984).

In its sole point on appeal, the Division claims that the circuit court erred in concluding that the Division lacked jurisdiction to continue or re-open an investigation after making an initial determination that there was insufficient evidence to establish probable cause. The Division argues that it has the implied and inherent power to continue investigations because it is not prohibited from doing so by statute and because it is necessary to carry out its statutory purpose.

The Division states that while § 210.145 provides that the Division must complete all investigations within thirty days unless good cause is shown, the relevant statutes do not prohibit the Division from continuing or reopening the investigation after that time. The Division also contends that the statutes should be construed broadly to grant it the power to continue or reopen investigations to carry out its statutory

purpose under § 210.109 to "prevent and remedy child abuse and neglect."

Ultimately, this case depends on statutory interpretation of the provisions of Chapter 210. Issues involving the interpretation of statutory language are questions of law, not judicial discretion. *Hadel v. Board of Educ. of School District of Springfield, R–12,* 990 S.W.2d 107, 111 (Mo.App. S.D.1999). Our ultimate purpose in interpreting statutory language is to ascertain and give effect to the intent of the legislature. *Id.* "Where the language of a statute is clear and unambiguous, we will give effect to the language as written and will not resort to statutory construction." *Id.*

"An administrative agency possesses only such jurisdiction or authority as it has been granted by the legislature." *Jenkins v. Director of Revenue,* 858 S.W.2d 257, 260 (Mo.App. W.D.1993). Chapter 210 grants the Division authority to investigate hotline reports of abuse or neglect and sets forth the proper procedure to be observed by the Division in conducting such investigations. Section 210.145.6 states that "[t]he local office of the division shall cause a thorough investigation to be initiated immediately or no later than within twenty-four hours of receipt of the report from the division." Section 210.183.1 provides:

> At the time of the initial investigation of a report of child abuse or neglect, the division employee conducting the investigation shall provide the alleged perpetrator with a written description of the investigation process. Such written no-

---

or determine the credibility of witnesses for itself. *Id.* In making these statements, *Davis* completely ignored the phrase *"de novo"* contained in the statute and treated the statute as if it merely provided for "judicial review" of the Division's decision by the circuit court. To the contrary, we find that the Section 210.152.5 clearly provides for the circuit court to conduct a *de novo* hearing and to make its own findings. *See Williams v. State*

*Dept. of Social Services, Division of Family Services,* 978 S.W.2d 491, 494 (Mo.App. S.D. 1998) and *Brown v. Stangler,* 954 S.W.2d 707, 708 (Mo.App. W.D.1997).

Because we are overruling a prior appellate case, in accordance with Supreme Court Operating Rule 22.01 and Western District Court of Appeals Special Rule XXXI, this opinion has been reviewed and approved by order of the court en banc.

tice shall be given substantially in the following form:

'The investigation is being undertaken by the Division of Family Services pursuant to the requirements of chapter 210 of the Revised Missouri Statutes in response to a report of child abuse or neglect.

\* \* \*

The division shall make every reasonable attempt to complete the investigation within thirty days. Within ninety days you will receive a letter from the Division which will inform you of one of the following:

(1) That the Division has found insufficient evidence of abuse or neglect; or

(2) That there appears to be probable cause to suspect the existence of child abuse or neglect . . .'

Section 210.145.12 dictates that:

The division shall complete all investigations within thirty days, unless good cause for the failure to complete the investigation is documented in the information system. If the investigation is not completed within thirty days, the information system shall be updated at regular intervals and upon the completion of the investigation.[4]

Section 210.152.2 provides that within ninety days after receipt of a report of abuse or neglect, the Division shall notify the alleged perpetrator in writing of any determination made by the Division based on its investigation and shall advise the alleged perpetrator that either probable cause exists to suspect abuse or neglect or that there is insufficient probable cause of abuse or neglect.[5]

The clear intent of the legislature in enacting §§ 210.145.6 and 210.145.12 was for the Division to immediately investigate hotline calls and to doggedly pursue those investigations to their conclusion. The statutory language simply cannot be read to allow the division to place investigations on the back-burner and to revisit those investigations at its convenience.

Section 210.145.12 clearly states that all investigations shall be completed within thirty days unless a valid reason for keeping the investigation open is set forth in the information system and regular updates are made in the information system. The Division has not asserted, nor does the record reveal, that any reason for keeping this particular investigation open was documented in the information system or that any regular updates were made to the information system regarding this case. Furthermore, the letter that the Division sent to Petet in October 1993 clearly stated that the investigation had been completed, and none of the stipulated facts would support a conclusion that the investigation was kept open for good cause, actively pursued, or that the report was regularly updated from October 1993 through September 1995. Accordingly,

---

4. Consistent with this position, § 210.109(18) also provides: "The division shall complete all investigations or family assessments within thirty days, unless good cause for the failure to complete the investigation or assessment is documented in the information system. If the investigation or family assessment is not completed within thirty days the information system shall be updated at regular intervals and upon the completion of the investigation."

5. Section 210.152.2 states:
Within ninety days after receipt of a report of abuse or neglect that is investigated, the alleged perpetrator named in the report and the parents of the child named in the report, if the alleged perpetrator is not a parent, shall be notified in writing of any determination made by the division based on the investigation. The notice shall advise either:
(1) That the division has determined that there is probable cause to suspect abuse or neglect exists and that the division shall retain all identifying information regarding the abuse or neglect; . . . that the alleged perpetrator has sixty days from the date of receipt of the notice to seek reversal of the division's determination through a review by the child abuse and neglect review board . . .
(2) There is insufficient probable cause of abuse or neglect.

the Division has not established that it complied with those provisions of § 210.145.12 for continuing an investigation after the thirty-day limit. And, under the clear and unambiguous language of the relevant statutes, the Division had no authority to re-open the matter in September 1995.[6]

The judgment of the trial court is affirmed.

All concur.

**6.** Section 210.150.4 provides that "[a]fter a period of not less than one year following a finding by the division, any person who is the subject of a report where there is insufficient evidence of abuse or neglect may petition the circuit court to order the records removed from the division and destroyed." If the legislature intended for the Division to be able to re-open its files over a year after issuing a determination that there was insufficient probable cause of abuse or neglect, it most certainly would not have provided a mechanism for destroying those files after one year.